IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEPHEN ANDREW HALL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-655-O |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Stephen Andrew Hall, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## **I. BACKGROUND**

In September 2011 Petitioner was indicted in the 213th District Court of Tarrant County, Texas, Case No. 1247950D, on a felony DWI charge. Adm. R., Clerk's R. 16, ECF No. 19-14. The indictment also included a repeat-offender notice alleging a prior felony conviction for DWI. *Id.* In March 2012 Petitioner was re-indicted on the felony DWI charge in Case No. 1274592R. *Id.*, Clerk's R. 140, ECF No. 22-9. The re-indictment contained a habitual-offender notice alleging prior sequential felony convictions for felony DWI and aggravated robbery. In May 2012 Petitioner's jury trial commenced where he elected to represent himself. Based on the evidence, the jury found Petitioner guilty of the felony DWI charge and the trial court found the habitual-offender allegation

true and assessed Petitioner's punishment at forty-five years' confinement. *Id.* at 142. Petitioner appealed, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review, and the United States Supreme Court denied certiorari. Pet. 3, ECF No. 1. Petitioner also filed a state application for a writ of habeas corpus, raising the claims presented herein, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court. Adm. R., WR-08,979-04 Writ, 2-64, ECF No. 22-9 & "Action Taken, ECF No. 22-4. This federal habeas petition followed.

## II. ISSUES

Petitioner raises twenty-nine grounds for habeas relief. Given the voluminous state court records, this Court addresses Petitioner's claims under the same general categories designated by the state habeas court. They are:

- record tampering (grounds one, two, seven, eight, nine, and thirteen);

- record claims; (grounds four, five, six, eleven, twelve, fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, twenty, twenty-one, twenty-two, twenty-three, twenty-four, twenty-five, twenty-six, twenty-seven, and twenty-eight);

- official oppression (ground three);

- cruel and unusual punishment (ground ten); and

- official indifference (ground twenty-nine).

Pet. 6.1-6.58, ECF No. 1; Adm. R., WR-08,979-04, 110-17, ECF No. 22-9.

## III. RULE 5 STATEMENT

Respondent believes that the petition it not barred by limitations or subject to the successive-

petition bar, however she asserts that the claims under grounds four, five, six, eleven, twelve, fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, twenty, twenty-one, twenty-two, twenty-three, twenty-four, twenty-five, twenty-six, twenty-seven, and twenty-eight are procedurally defaulted. Resp't's Answer 6, ECF No. 38. According to Respondent, the claims were forfeited in state court because they should have been, but were not, raised on direct appeal and, thus, are procedurally barred from federal habeas review. *Id.* at 11-13. *See Ex parte Gardner*, 959 S.W.2d 189, 199-200 (Tex. Crim. App. 1998); *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989).

Under the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the last state court to consider the claim expressly and unambiguously based its denial of relief on an independent and adequate state procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 729, (1991); *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999). In other words, when a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court. *Ylst v. Nunnemaker,* 501 U.S. 797, 801 (1991); *Wainwright v. Sykes,* 433 U.S. 72, 87-88 (1977); *Murray v. Carrier,* 477 U.S. 478, 485-492 (1986). "This doctrine ensures that federal courts give proper respect to state procedural rules." *Glover v. Cain,* 128 F.3d 900, 902 (5th Cir. 1997).

Here, the state court clearly relied upon a firmly established and regularly followed state procedural rule to deny the claims raised in grounds four, five, six, eleven, twelve, fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, twenty, twenty-one, twenty-two, twenty-three, twenty-four, twenty-five, twenty-six, twenty-seven, and twenty-eight. Adm. R., WR-08,979-04, 111 & 114, ECF No. 22-9. *Busby v. Dretke,* 359 F.3d 708, 719 (5th Cir. 2004) (recognizing that the Texas procedural

rule as stated in *Ex parte Gardner* as being "firmly established" and "an adequate state ground capable of barring federal habeas review"). Therefore, federal habeas review of the claims is barred unless Petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. *Id.* As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady,* 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. *McCleskey v. Zant,* 499 U.S. 467, 494 (1991).

Petitioner appears to blame his default on his assertion that the transcript or statement of facts (hereinafter referred to as the reporter's record unless in quoted material) of the trial court proceedings was significantly altered and tampered with by his prior court-appointed attorney, William Ray, who was in cahoots with the trial judge and other state actors to sabotage his defense. According to Petitioner, it would have been a "moot exercise in frivolousness, i.e., <u>FUTILE</u> to argue his constitutional claims [on appeal] in the absence of a true, correct and accurate trial court record." Pet'r's Reply 4, ECF No. 53 (emphasis in original). He urges that the record of the trial court proceedings is beyond salvageable and, thus, he was left with no "corrective process" in state court. *Id.* at 4-5. He insists that "there has been a mass cover-up of felonious criminal conduct by [state]

judges and lawyers" every step of the way in his case and that said actors have colluded in a "criminal cover-up of the fraudulent trial court record," which this Court must correct. *Id.* at 6-7.

This Court, however, presumes the regularity of official state court records, which are to be accorded great weight in a federal habeas proceeding. *Hobbs v. Blackburn,* 752 F.2d 1079, 1081-82 (1985); *Webster v. Estelle,* 505 F.2d 926, 929-30 (5th Cir. 1974). The state habeas judge, who also presided at Petitioner's trial, found that all fifteen volumes of the reporter's record were certified by the court reporter and that there was no evidence that the record was tampered with, rewritten, or not a true and correct representation of the trial proceedings. Adm. R., WR-08,979-04 Writ 110, ECF No. 22-9. Petitioner presents no legal authority or credible evidence then, or now, to establish by clear and convincing evidence that his ex-counsel tampered with or altered the reporter's record or to otherwise rebut the presumption of correctness of the state court records. Nor does Petitioner establish that his ex-counsel, the state judge(s), or any other state actor prevented him from raising his claims on direct appeal or that he is actually innocent of the offense for which he was convicted so as to excuse his procedural default. Consequently, federal habeas corpus review of grounds four, five, six, eleven, twelve, fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, twenty, twenty-one, twenty-two, twenty-three, twenty-four, twenty-five, twenty-six, twenty-seven, and twenty-eight is barred by the doctrine of procedural default. Accordingly, the following discussion is relevant only to his remaining claims.

## IV. DISCUSSION

### A. Standard of Review

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act,

a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)–(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id.* at 102. Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. A petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000). Finally, when the Texas Court of Criminal Appeals denies a federal claim in a state habeas-corpus application without written opinion, a federal court may presume "that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary" and applied the correct "clearly established federal law, as determined by the Supreme Court of the United States" unless there is evidence that an incorrect standard was applied, in making its decision. *Johnson v. Williams*, — U.S. —, 133 S. Ct. 1088, 1094 (2013); *Harrington*, 562 U.S. at 99; *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2004).

**B. Record Tampering**

Under grounds one, two, seven, eight, nine, and thirteen, Petitioner claims his constitutional rights were violated as a result of "organized crime at all levels of our Texas Criminal Justice System" resulting in gross inaccuracies in the reporter's record; a mass coverup involving "a totally

6

rewritten–absolutely fictitious–wholly inaccurate Statement of Facts" by his ex-counsel, "Mr. Helter Skelter/Record Fixer of the Tarrant County Courthouse," thereby impairing his right to a fair appeal; the appellate courts' "manipulation of the justice system" reflecting "an apparent 'systematic' attempt to negate all the potentially reversible trial court errors that were exactly malicious in their forthcoming execution of delivery"; the loss and destruction of the original, true, and correct reporter's record; his ex-counsel's theft of four exhibits and "incessant intimidation ploys" to coerce a guilty plea; and his ex-counsel's expansion of the record of a pretrial hearing with "fictitious content." Pet. 6.1-6.4, 6.13-6.18 & 6.25, ECF No. 1; Pet'r's App. 35, ECF No. 1-1.

As noted above, the state habeas judge, who also presided at Petitioner's trial, found that all volumes of the reporter's record were certified by the court reporter and that there was no evidence that the record was tampered with, rewritten, or not a true and correct representation of the trial proceedings. Adm. R., WR-08,979-04 Writ 110, ECF No. 22-9. And, absent credible evidence,[1] demonstrating by clear and convincing evidence, that counsel, in fact, tampered with the record or that the state courts colluded with counsel in doing so as part of a mass coverup, it is mandated that this Court defer to the state court's factual determination on the issue. 28 U.S.C. § 2254(e)(1). Although the Court has no doubt that Petitioner believes the record was tampered with, his arguments, so-called evidence, and bald assertions of tampering are not persuasive. *See Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983) ("absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal

---

[1] Petitioner's evidence, then and now, includes, among other things, his own affidavit(s), his sister's affidavit, various newspaper articles, and copies of various pages of the reporter's record, many of which contain handwritten notations by Petitioner. Petitioner also proffered during trial, and attempted to file in this Court, a 2533-page handwritten "Analytical Assessment" of counsel's alleged "absolute rewrite" of the reporter's record, to no avail. Adm. R., Reporter's R., vol. 10, 133, ECF No. 21-12.

court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value"). Petitioner is not entitled to relief under grounds one, two, seven, eight, nine, and thirteen.

**C. Official Oppression**

Under his third ground, Petitioner claims he was "inflicted with cruel and unusual undue punishment due to 'Official Oppression.'" Pet. 6.5, ECF No. 1. Petitioner asserts the following facts in support of his claim (all spelling, punctuation, and/or grammatical errors are in the original):

> Anytime a Judge and its "Officers of the Court," whom are duely representing the interests of the Court or a Court process, act contrary to the rule of law deliberately forsaking the interests of justice in a case brought before the Courts, depriving a person of their liberty un-Constitutionally – at "any" level of a Justice System while acting under color of law, it can and must be considered an act, or in plural – acts of official oppression.
>
> In the case in chief, judicial and prosecutorial misconduct was so omnipresent, error can appropriately be assigned to almost every judicial discernment encountered and then acted upon by the Court during the trial process.
>
> Secondly, and moreover, in subsequent judicial forums, when a corrective process is sought on appeal of such a blatant wrongful conviction – but denied by both higher Courts reigning over that type conviction, it then must be said that these too, also can – and must be considered acts of Official Oppression, and appropriately so. Since such acts of judicial misconduct are not ambiguous – nor can they be misconstrued.

*Id.* at 6.5-6.6 (emphasis in original).

"Official oppression" is a criminal offense under Texas law, the violation of which does not provide a basis for habeas relief. *See* TEX. PENAL CODE ANN. § 39.03 (West Supp. 2014). Furthermore, the alleged facts in support of a claim must be enough to raise a right to relief. The state habeas court found that Petitioner had failed to explain how the trial court or the officers of the court officially oppressed him. Adm. R., WR-08,979-04, ECF No. 22-9. Petitioner has presented no

8

argument or evidence that could lead the court to conclude that the state court's determination of the issue is unreasonable. Petitioner's vague and conclusory assertions cast as factual allegations are insufficient to articulate a factual or legal basis for federal habeas relief. Adm. R., WR-08.979-04 Writ 111-12, ECF No. 22-9; *United States v. Woods,* 870 F.2d 285, 288 (5th Cir. 1989).

### D. Cruel and Unusual Punishment

Under his tenth ground, Petitioner claims the trial court "incessantly violated Applicant's 8th Amend. right as to cruel and unusual punishment." Pet. 6, ECF No. 1. Petitioner asserts the following facts in support of his claim (all spelling, punctuation, and/or grammatical errors are in the original):

> The trial court was so saturated with organized criminal activity it stigmatized the Applicant for life.
>
> (1) When the then defendant challenged the Court's abuse of discretion "<u>trumping</u>" it's sole two "<u>antique</u>"-"<u>irrelevant</u>" cases it relied upon to bar his defense presentation – it feigned incompetency of the law to demonstrate it's powers of arbitrariness.[2]
>
> (2) The Court and it's honorarium seeking henchmen played a game of "<u>keep away</u>" with the Applicant's subpoenaed "<u>witness contact info</u>" engaging in a "<u>witness stonewalling scheme</u>" to keep all witnesses for the defense away from the Courthouse, then "<u>excused from the bench</u>" the few important ones the Applicant still managed to get to his trial "<u>without said contact info</u>," against "fierce" opposition by the Court.
>
> (3) Subpoenas were altered, Motions For New Trials were stolen, transcripts

---

[2]Under Texas law, proof of a culpable mental state is not required for a DWI conviction. TEX. PENAL CODE ANN. § 49.11 (West 2011). However, an essential element of DWI is voluntary intoxication. *See id.* § 6.01(a); *Farmer v. State,* 411 S.W.3d 901, 905-08 (Tex. Crim. App. 2013). Petitioner sought to present a defensive theory of "automatism," a defense of an individual not engaging in a voluntary act–*e.g.,* that of being unconscious or semiconscious at the time in question. The trial court denied Petitioner's attempts to introduce evidence or obtain a jury instruction regarding the defense because under controlling law the theory did not apply to the offense of DWI. *See Brown v. State,* 290 S.W.3d 247, 250 (Tex. App.-Fort Worth 2009, pet. ref'd) (holding involuntary intoxication is not a defense to DWI). *But see Cox v. State,* 2013 WL 4528675, at *2 (Tex. App.-Dallas Aug. 27, 2013) (holding, conversely, that involuntary action, or automatism, is a defense separate and distinct from involuntary intoxication and is a defense to DWI).

> destroyed, exhibits were stolen, there were a long series of guilty plea coercions, canards were fabricated and used during the States closing arguments to convict, exculpatory evidence was secreted away, there was "trial fixing," honorarium pay outs to rogues – the list goes on and on.

*Id.* at 6.19-6.20 (emphasis in original).

The state habeas court found that Petitioner presented no evidence to support his claims that the trial court acted improperly or that documents or records were altered, destroyed, stolen, or fabricated. Adm. R., WR-08,979-04 Writ 112, ECF No. 22-9. Petitioner has presented no argument or evidence that could lead the court to conclude that the state court's determination is unreasonable. Petitioner's vague and conclusory assertions cast as factual allegations are insufficient to articulate a factual or legal basis for federal habeas relief. *Woods,* 870 F.2d at 288. Furthermore, a full review of the reporter's record of the trial court proceedings indicates that the trial court acted with integrity and objectivity, properly exercised her discretion in making rulings, sufficiently addressed Petitioner's concerns at every phase of the proceedings, frequently explained legal terms as well as procedural and evidentiary matters to Petitioner, and generally accorded Petitioner great leeway in light of his unfamiliarity with the law and rules of procedure and evidence and his often indecorous conduct.

### E. Official Indifference

Finally, under ground twenty-nine, Petitioner claims that his equal protection rights were violated by "gross 'official indifference' in an apparent ostracism scheme." Pet. 6.57, ECF No. 1. Petitioner asserts the following facts in support of his claim (all spelling, punctuation, and/or grammatical errors are in the original):

> By simply trying to get a fair trial on a serious "Class B" misdemeanor charge enhanced to a felony, the Applicant uncovered an esoteric Statewide multi-agency

> organized crime assembly of errant and rogue professionals in key positions acting in a concerted effort to circumvent all U.S. and State Const. safeguards and protections we guarantee all our lower/working class people, et al, in an apparent ostracism scheme, in a coordinated effort to shepherd said less educated-less fortunate class of people "in mass" to a penal system by duping due process and taking inhumane shortcuts to justice.
>
> The scheme involves the three tiers of our Texas "State" level Criminal Justice System from the trial court, Tex. Ct. of Crim. Appeals, the Attorney General's Office, and all our Administrative (watchdog) Agencies in the State Capital that were commissioned by "the People" to serve and protect "the People" from such Gov't oppression and abuse of office by our elected and public officials as deputized stewards of our interests, "not" to serve and protect each other at the demise of "the People." With said entities shielding themselves from accountability by coveting secrecy in their privatized organized criminal affairs against the will of "the People" and in violation of "the People's" relentless pleas for an "open records State Gov't" with full and complete transparency, since a Gov't that is truely "FOR the People" should have nothing to hide "FROM the People" and therefore can be trusted "By the People."

*Id.* at 6.57-6.58 (emphasis in original).

The state habeas court found that Petitioner failed to explain how he was the victim of official indifference and specific facts to support his claim. Adm. R., WR-08,979-04, 112, ECF No. 22-9. Petitioner has presented no argument or evidence that could lead the court to conclude that the state court's determination is unreasonable. Petitioner's vague and conclusory assertions cast as factual allegations are insufficient to articulate a factual or legal basis for federal habeas relief. *Woods,* 870 F.2d at 288.

**F. Evidentiary Hearing**

The standard for the availability of an evidentiary hearing in a habeas petition is set out in § 2254(e)(2). It is the finding of this Court that Petitioner has not made any showing that would sufficiently warrant the holding of an evidentiary hearing under the statute. Every claim raised by Petitioner can be adequately considered and disposed of on the record of the state court proceedings

## V. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED as to grounds one, two, three, seven, eight, nine, ten, thirteen, and twenty-nine and DISMISSED with prejudice as to grounds four, five, six, eleven, twelve, fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, twenty, twenty-one, twenty-two, twenty-three, twenty-four, twenty-five, twenty-six, twenty-seven, and twenty-eight under the procedural default doctrine.

Further, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is DENIED, as petitioner has not made a substantial showing that reasonable jurists would question this Court's procedural ruling or that he was denied a constitutional right.

**SO ORDERED** on this 3rd day of May, 2017.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**